UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

GEORGE WILLIAM JARMAN

CRIMINAL ACTION

NO. 11-38-JJB

**RULING ON DEFENDANT'S MOTION FOR TERMINATION OF CERTAIN PRETRIAL CONDITIONS**

This matter is before the Court on a motion by defendant George William Jarman ("Jarman") to terminate certain pretrial conditions of release. (Doc. 96). The United States of America ("Government") has filed an opposition (Doc. 99), to which Jarman has filed a reply. (Doc. 101). The Government has filed a sur-reply. (Doc. 107). This Court entertained oral arguments on July 16, 2013. For the reasons herein, the Court DENIES Defendant's Motion to Terminate, but will modify Jarman's hours to curfew from 9:00 p.m. to 6:00 a.m. to 12:00 a.m. to 6:00 a.m.

On April 21, 2011, Jarman was indicted on charges of receipt/attempted receipt and possession/attempted possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), 2252(a)(4)(B), and 2252(b)(2). (Doc. 1). On that same date, Magistrate Judge Riedlinger issued an order setting conditions of Jarman's release. (Doc. 3). Jarman seeks to have this Court terminate four (4) of the conditions: (1) abide by a curfew in which Jarman is restricted to his residence from 9:00 p.m. to 6:00 a.m.; (2) submit to electronic monitoring through a passive Global Position Satellite (GPS) system via ankle bracelet; (3) pretrial services supervision; and (4) mental health evaluation and treatment.

1

In 2006, the Adam Walsh Act ("AWA") amended the Bail Reform Act of 1984, 18 U.S.C. § 3142, imposing certain mandatory pretrial release conditions for individuals charged with an offense involving a minor victim, including receipt of child pornography. Specifically, the statute provides, in part, that "any release order shall contain, at a minimum, a condition of electronic monitoring" and that the defendant "comply with a specified curfew," and "report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency." 18 U.S.C. § 3142(c)(1)(B). The AWA mandates the imposition of the first three pretrial conditions that Jarman seeks to terminate. The fourth condition, mental health evaluation and treatment, is authorized by 18 U.S.C. § 3142(c)(1)(B)(x), although it is not mandated by the AWA amendment.

As a threshold matter, the Court is not prepared to rule on whether the AWA violates the Fifth Amendment Due Process Clause or the Eighth Amendment's Excessive Bail Clause on its face or as applied to the defendant. Jarman points to several decisions from other circuits in which the courts determined that the AWA was unconstitutional. *See United States v. Karper*, 847 F.Supp.2d 350 (N.D.N.Y. 2011) (finding that the AWA requirements violate the Due Process Clause both facially and as applied, as well the Excessive Bail Clause as applied); *United States v. Polouizzi*, 697 F.Supp.2d 381 (E.D.N.Y. 2010) (finding that the requirement of electronic monitoring violated both the Due Process Clause and the Excessive Bail Clause as applied); *United States v. Torres*, 566 F.Supp.2d 591 (W.D. Tex. 2008) (finding that the conditions violate the Due Process Clause facially and the Excessive Bail Clause as applied, but not facially). The Government also points to several decisions from other circuits in which the courts determined that the AWA was constitutional. *See United States v. Peeples*, 630 F.3d 1136 (9th Cir. 2010) (finding that the provisions were not unconstitutional on their face or as applied);

*United States v. Stephens*, 594 F.3d 1033 (8th Cir. 2010) (finding that the provisions were not unconstitutional on their face).

Based upon the parties' briefings, oral argument, and testimony from the defendant, the Court finds that the conditions set by Magistrate Judge Riedlinger shall not be disturbed, with the exception of the curfew. Jarman's curfew is presently set from 9:00 p.m. to 6:00 a.m., which the Court finds should be set from 12:00 a.m. to 6:00 a.m. Should any of the other provisions be shown to be serious barriers to Jarman individually in functioning to preclude his ability to work or to engage in necessary activities, the Court will entertain a motion at that time to reconsider or modify other conditions.

Accordingly, the Defendant's Motion to Terminate is DENIED. (Doc. 96).

Signed in Baton Rouge, Louisiana on July 16th, 2013.

                                          **JAMES J. BRADY, DISTRICT JUDGE**
                                          **MIDDLE DISTRICT OF LOUISIANA**